IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

DANIEL GARCÍA MARTÍN,
Defendant.

Criminal No. 25-431 (RAM)

**UNITED STATES' RESPONSE TO
MOTION FOR RETURN OF PROPERTY**

On November 7, 2025, defendant Daniel García-Martín (García-Martín) filed a motion seeking return of $104,000.00 in U.S. Currency. *See* ECF No. 26. The United States respectfully requests that the Court deny García-Martín's motion since he is procedurally barred to seek return of that property in this case.

The Civil Asset Reform Act of 2000 ("CAFRA"), effective August 23, 2000, provides that when an asset is seized for forfeiture, the seizing agency must send notice to known interested parties of the asset within sixty days after the date of seizure. *See* 18 U.S.C. §983(a)(1)(A)(i). Thus, CAFRA imposes a 60-day deadline to send notice of an administrative forfeiture. On October 17, 2025, the Federal Bureau of Investigation (FBI) seized the following property from García-Martín's residence while executing a search warrant: one S&W Long revolver bearing serial number 802693; one S&W revolver bearing serial number 8079013; one 357 Magnum Ruger revolver bearing serial number 155-58078; forty-two rounds of .357 caliber ammunition; sixty-four rounds of .38 caliber ammunition; one round of 9mm caliber ammunition; thirty-six rounds of .32 caliber ammunition; and $104,000.00 in U.S. Currency. As such, the FBI has until December 16, 2025, to send notice of its intent to forfeit these items to known interested parties.

1

As the seizing agency, the FBI has confirmed that the $104,000.00 in U.S. Currency seized on October 17, 2025, is in an administrative forfeiture process. Accordingly, any claimant should prepare and submit their claim directly to FBI and not in this criminal proceeding.

"Motions pursuant to Rule 41(g) 'are treated with caution and restraint, and the motion will be dismissed for lack of equity if the movant has an adequate remedy otherwise or cannot show irreparable injury.'" *Matter of Bureau of Prisons Acct. 43614-069 Registered to Luis Soto-Solivan*, No. 21-mc-258 (FAB), 2021 WL 3855495 at *1-2 (D.P.R. Aug. 3, 2021) (quoting 3A Charles A. Wright *et al.*, Federal Practice and Procedure § 690 (4th ed. 2008)). Rule 41(g) cannot be used to seek the return of property if a forfeiture proceeding—administrative, civil, or criminal—has already been commenced. *See United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007) (noting that "a Rule 41(g) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues"); *see also United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (noting that "[t]he proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated"); *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) ("A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction."); *Troconis-Escovar v. United States*, 59 F.4th 273, 276 (7th Cir. 2023) (Rule 41(g) "is properly invoked to request the return of seized property before forfeiture proceedings have been initiated" but "Rule 41(g) is not the proper vehicle for challenging an administrative forfeiture"); *In re One 2010 Toyota Tacoma*, 2011 WL 5238239 (M.D. Pa. Nov. 1, 2011) (denying previously-filed Rule 41(g) motion because once DEA commenced administrative

2

forfeiture proceedings, claimant had an adequate remedy at law and the court thus lacked jurisdiction to grant equitable relief); and *Haltiwanger v. United States*, 494 F. Supp. 2d 927 (N.D. Ill. 2007) (when claimant filed both a Rule 41(g) motion and a claim contesting the administrative forfeiture proceeding, district court dismissed the Rule 41(g) motion for lack of jurisdiction and directed claimant to litigate the civil forfeiture case before the judge to whom it was assigned).

Given that there are administrative forfeiture proceedings pending, García-Martín has adequate remedies at law. Accordingly, the Court should deny García-Martín's motion at ECF No. 26.

WHEREFORE, the United States respectfully requests that the Honorable Court deny the Motion for Return of Property be denied.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of November 2025.

    W. STEPHEN MULDROW
    United States Attorney

    */s/ Linet Olinghouse*
    Linet Olinghouse
    Assistant United States Attorney
    USDC-PR No. G03015
    United States Attorney's Office
    350 Carlos Chardón Street
    San Juan, Puerto Rico 00918
    Linet.Olinghouse@usdoj.gov
    Tel: (787) 282-1843

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

*/s/ Linet Olinghouse*
Linet Olinghouse
Assistant United States Attorney